**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Charles Menton,** | **CASE NO. 4:19 CV 2560** |
| **Petitioner,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | <u>**Memorandum of Opinion and Order**</u> |
| **Doug Fender, Warden** | |
| **Respondent.** | |

## INTRODUCTION

*Pro se* Petitioner Charles Menton filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Mansfield Correctional Institution, serving a forty-year sentence imposed in 2007 by the Mahoning County Court of Common Pleas for two counts of rape, one count of aggravated burglary, and one count of kidnaping. In his Petition, he asserts that his jury verdict form was defective under Ohio law and he, therefore, is entitled to be sentenced to the lowest degree of the offense charged. For the reasons set forth below, the Petition is denied and this action is dismissed.

## BACKGROUND

Petitioner was indicted on May 26, 2006, in the Mahoning County Court of Common Pleas on five counts of forcible rape, one count of aggravated burglary and one count of

kidnaping. The victim knew Petitioner and provided police with his name as the perpetrator, claiming he had kicked in her door, physically assaulted her, restrained her and raped her. She died prior to trial for reasons unrelated to the incident. Petitioner filed a Motion in Limine seeking to exclude statements made by the victim to police officers at the scene and to the sexual assault nurse at the hospital. The court overruled the Motion. The jury returned a guilty verdict on two of the five counts of rape, one count of aggravated burglary, and one count of kidnaping. On March 8, 2007, Petitioner received a sentence of ten years on each count to run consecutively for a total of forty years incarceration. In addition, the court labeled him as a sexual predator.

Petitioner appealed his conviction and sentence to the Ohio Seventh District Court of Appeals. He asserted six assignments of error pertaining to the confrontation clause, the manifest weight of the evidence, the wording of the charges in the indictment, evidentiary rulings, ineffective assistance of counsel for failing to raise concerns of sentencing on allied offenses, and the court's determination that he qualified as a sexual predator. *State v. Menton,* No. 07 MA 70, 2009 WL 2859276, at *21-*23 (Ohio 7 Dist. Ct. App. Aug. 31, 2009). The appellate court overruled his assignments of error. The Ohio Supreme Court declined to accept jurisdiction over his appeal on October 20, 2011.

Six years later, on November 21, 2017, Petitioner filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court claiming his indictment was defective and the Mahoning County Court lacked subject matter jurisdiction over him. The Ohio Supreme Court dismissed his Petition *sua sponte* on February 14, 2018.

Almost six months after that Petition was denied by the Ohio Supreme Court, Petitioner

filed a Motion to Vacate his Conviction and Sentence in the trial court. He does not indicate the grounds he raised in that Motion. The Appellate Court indicated he was challenging the wording of his indictment. *State v. Menton*, No. 18 MA 0125 (Ohio 7 Dist. Ct. App. Jan. 9, 2019). The trial court construed it as a Post Conviction Petition and denied it on August 9, 2018. Petitioner appealed that decision on October 5, 2018. The Appellate Court dismissed the appeal as untimely on October 24, 2018. *State v. Menton*, No. 18 MA 0108 (Ohio 7 Dist. Ct. App. Oct. 24, 2018). Petitioner filed a Motion for Delayed Appeal on November 8, 2018. The Appellate Court stated that Petitioner had not demonstrated good cause for the delay, and additionally that delayed appeal provisions of Ohio App.R. 5 were not applicable to Post Conviction Petitions. Finally, the Court determined the appeal was nothing more than an attempt to relitigate a question raised in his original appeal. The Court denied the Motion on January 9, 2019. *State v. Menton*, No. 18 MA 0125 (Ohio 7 Dist. Ct. App. Jan. 9, 2019). The Ohio Supreme Court declined to accept jurisdiction over that appeal on May 15, 2019.

**HABEAS PETITION**

Petitioner then filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. It is unclear from the Petition exactly what grounds for relief he is asserting. The Petition refers the Court to attached pages which contain a narrative. He appears to assert that the state failed to use the proper jury verdict form detailing the degree of the offense and additional elements of the offense as required by Ohio Revised Code § 2945.75. He contends this denied him due process and equal protection. He acknowledges that he was unable to present this claim to the Ohio Appellate Courts because his initial appellate counsel did not raise it in his direct appeal and he did not discover the defect until years later. He seeks

resentencing to the lowest degree of each offense for which he was convicted, and release from prison.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

## PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted Defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged constitutional claim. *Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009).

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to

exhaust applies where state remedies are "still available at the time of the federal Petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a Petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided analysis to be used when determining whether a claim is barred on habeas corpus review due to a Petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to Petitioner's claim and whether Petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; and (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim. *See also Williams*, 460 F.3d at 806 ("If, due to the Petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a Petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal Habeas Corpus Petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990) (failure to present a claim to a state court of

appeals constituted a waiver). If, at the time of the federal Habeas Petition, state law no longer allows the Petitioner to return to state court to raise the claim, the claim is procedurally defaulted. *Williams,* 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the Petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the Petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

Finally, there is a one-year statute of limitation for filing a § 2254 petition. That one-year period of limitation begins to run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court." 28 U.S.C. § 2244(d)(2). However, a state post-conviction proceeding filed after the one-year statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003).

**DISCUSSION**

As an initial matter, the claim in this Petition is procedurally defaulted. Petitioner exhausted his direct appeals and did not assert a claim pertaining to the jury verdict form. He may have attempted to assert it in his Post Judgment Motion but he does not elaborate on the grounds he raised in it. That Motion, however, was denied and Petitioner missed the deadline to file a timely appeal by twenty-five days. The Ohio Appellate Court denied his subsequent Motion for a Delayed Appeal stating App.R. 5 allowing delayed appeals did not apply to post conviction filings, and noted that the claim in the Motion could and should have been raised in his direct appeal. The Ohio Supreme Court declined jurisdiction. The Ohio Courts did not consider the claim on the merits, either due to the procedural defects in the filings or due to the failure to raise it at all. Furthermore, he does not have a remedy remaining in state court to present his claim.

Nevertheless, Petitioner can overcome a procedural default by showing: (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error; or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice,

Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In this case, Petitioner does not establish cause for his failure to follow the procedural rule. He claims the delay in filing the appeal was due to the Mahoning County Clerk's failure to timely serve the Court's judgment on him. He presented that explanation to the Ohio Appellate Court in his Motion for Delayed Appeal. The Appellate Court determined Petitioner had been properly and timely served with the judgment and determined Petitioner had not presented good cause for the delay. The Court also said that the delayed appeal was denied because the ground Petitioner sought to assert could and should have been raised in his direct appeal. As cause for this default, Petitioner indicates that his counsel on direct appeal should have asserted this claim. Ineffective assistance of counsel claims can be cause for procedural default; however, those claims must themselves amount to a violation of the Sixth Amendment and, therefore, must be both exhausted and not procedurally defaulted. *Burroughs v. Makowski*, 411 F.3d 665, 667-68 (6th Cir. 2005). Petitioner has not raised a claim of ineffective assistance of appellate counsel in state court. He has not demonstrated cause for failing to comply with the state's procedural rules for asserting this claim.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is actually innocent of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing Murray, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the

underlying conviction. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

In addition, the Petition is clearly filed beyond the statute of limitations. Petitioner was convicted in 2007. His direct appeals concluded when the Ohio Supreme Court declined jurisdiction over his appeal on October 20, 2011. The one-year statute of limitations period began to run on that date. His federal Habeas Corpus Petition was, therefore, due in October 2012. He did not file this Petition until November 2019, well beyond the expiration of the one-year statute of limitations period.

Although that time period can be tolled by the amount of time that a properly filed application for state Post Conviction is pending in state court, the Petitioner's Ohio Habeas Petition and his Motion to Vacate his Conviction and Sentence were filed in 2017 and 2018, long after the limitations period expired. 28 U.S.C. § 2244(d)(2). There was no statute of limitations left to toll. *See Curtiss*, 338 F.3d at 853-55.

Finally, even if Petitioner could overcome the procedural default and the time limitation procedural bars, his claim is not cognizable in a federal habeas petition. The claim he asserts arises under Ohio Revised Code § 2945.75 which states:

> A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

Ohio Revised Code § 2945.75 (A)(2). Petitioner contends the jury verdict forms did not comply with this state statute.

A claim, such as this, based solely on an error of state law is not redressable through federal habeas proceedings. *Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998).

-10-

Although this principle does not prohibit federal habeas relief where a state court's error in interpreting or applying its own law has rendered the trial that convicted the Petitioner so fundamentally unfair as to have deprived him of substantive due process in violation of the United States Constitution, that is not the case here. The offenses of which Petitioner was charged and convicted- rape, aggravated burglary and kidnaping - are all first degree felonies by statute. None of them provide for lesser degrees of the charged offenses. Petitioner was on notice from the indictment that he was charged with first degree felonies. Even if the verdict forms were found to be defective under Ohio law, there is no suggestion that this error would be so fundamentally unfair that it deprived him of substantive due process. This state law claim is not cognizable in habeas corpus.

**CONCLUSION**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 3/9/20